*[signatures]*

FOREPERSON

Date March 20, 1997.

**ADMIRAL CORP., Rockwell International Corporation, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Slip Op. 97–129.

Court No. 94–07–00432.

United States Court of International Trade.

Sept. 15, 1997.

## OPINION and ORDER

WATSON, Senior Judge:

Plaintiff brought this action in 1994 to challenge the 1986 assessment of antidumping duties on seven entries of television sets from Japan that had been imported in 1976. The administrative protest against the assessment of antidumping duties, the denial of which led to this action, was based on a claim that plaintiff Admiral should have been included in the 1980 settlement of antidumping duties that was reached between the Department of Commerce and 22 major importers of television sets from Japan. 45 Fed.Reg. 29623 (1980).

The government has moved to dismiss this action for lack of jurisdiction, specifically, that the selection of participants in the settlement agreement was a decision of the Department of Commerce, did not involve the U.S. Customs Service, and is therefore not within the Court's jurisdiction under 28 U.S.C. § 1581(a) because it was not protestable under 19 U.S.C. § 1514(a).

Plaintiff argues that the protest against the assessment of antidumping duties under 19 U.S.C. § 1514(a) was the only administrative remedy available to it in the circumstances. Plaintiff further argues that the jurisdictional issue is controlled by the decision in *Nichimen America, Inc. v. United States*, 938 F.2d 1286 (Fed.Cir.1991) and ought to be resolved in its favor.

In the *Nichimen* decision the Court of Appeals pointed out that, even though after 1979 the proper vehicle for challenging matters underlying or ancillary to antidumping duties was through annual reviews under Section 751 of the Trade Agreements Act of 1979, 19 U.S.C. § 1675, "the question of whether Nichimen's entries for Montgomery Ward had been settled under the 1980 settlement agreement ... is beyond the scope of a 751 review." 938 F.2d at 1292. Accordingly, the appellate court held that the matter was protestable under 19 U.S.C. § 1514(a)(3) covering "all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury."

In short, *Nichimen* stands for the proposition that the failure of Customs to give an importer the benefit of a settlement agreement reached with the party on whose behalf it was making the importation could fairly be considered a matter related to the imposition of Customs duties. It was not just a facet of the administration of the antidumping duty law. In other words, it was within the power and authority of the Customs Service to treat Nichimen as an agent or alter ego of a party whose obligations for antidumping duties had been settled with the Department of Commerce. The Court of Appeals also noted that the Departments of Treasury and Justice were signatories to the TV settlement agreement.

On the other hand, in this case we have a protest being used to try to reach a decision that is purely within the province of Commerce and cannot be characterized as involving the Customs Service other than as a later mechanical instrumentality. In these circumstances, unlike *Nichimen*, the Customs Service would have no discretion to give Admiral the benefits of a settlement agreement if Commerce had not included it therein, either in actuality or by necessary logical extension.

Without resolving the question, it is safe to say that Admiral had good alternatives to using the protest route to challenge its exclusion from the Settlement Agreement. Its exclusion became public knowledge on April 28, 1980 when the Secretary of Commerce

entered into the Settlement Agreement. It is therefore possible to argue that under 28 U.S.C. § 2636(I) Admiral had two years from that date to bring an action challenging its exclusion. That action could come within the jurisdiction of the Court under 28 U.S.C. § 1581(i) as one arising from the administration of duty laws.

It is also possible to argue that such an action accrued when Admiral was later actually notified on September 15, 1985 that Commerce intended to instruct the Customs Service to begin liquidating its entries of television sets at a rate of duty applicable to those who were not covered by the Settlement Agreement.

That notification offered Admiral the possibility of requesting an administrative review within forty-five days of receipt of the notifying letter. Had that review been requested, it is conceivable that it might have been a vehicle for reaching the issue of its exclusion, either in the review or in the judicial review of that review provided in 28 U.S.C. § 1581(c). And, if by some chance, the choice of a 751 review and the subsequent judicial action turned out to be incapable of reaching the exclusion issue, it is likely that, as a reasonable step taken in an uncertain area, it would have tolled the two-year statute of limitations on an action under 28 U.S.C. § 1581(i) and still left that possibility open to plaintiff.

In the present state of affairs, however, plaintiff did not act on those possibilities and instead relied on a protest method that Congress clearly did not intend to make available for this sort of dispute. Thus, its choice of the protest route cannot be considered as tolling the statute of limitations on an action under § 1581(i). See *Mitsubishi Electronics America, Inc. v. United States*, 44 F.3d 973, 978.

For the reasons given above, defendant's motion to dismiss the action for lack of jurisdiction is GRANTED.